Mary D. HAAS and John Mitchell et al., Plaintiffs,

v.

PITTSBURGH NATIONAL BANK et al., Defendants.

Civ. A. No. 72–968.

United States District Court, W. D. Pennsylvania.

Dec. 7, 1977.

H. Woodruff Turner, Kirkpatrick, Lockhart, Johnson & Hutchison (Guardian Ad Litem for Class), Michael P. Malakoff, Berger, Kapetan & Malakoff, Eugene B. Strassburger, Strassburger & McKenna, James H. Joseph, Joseph & Hershman, Pittsburgh, Pa., for plaintiffs.

Alexander C. Sherrard, Campbell, Thomas & Burke, J. Tomlinson Fort, Thomas R. Wright, Reed, Smith, Shaw & McClay, Donald C. Bush, Anderson, Moreland & Bush, Pittsburgh, Pa., for defendants.

MEMORANDUM OPINION AND ORDER

TEITELBAUM, District Judge.

The instant litigation is a class action which was settled by agreement of the parties under the terms and conditions embodied in an Order of this Court entered on August 26, 1977. The settlement resulted in the defendant banks contributing a lump-sum of money toward the settlement fund, with counsel fees to be provided out of said fund. On July 15, 1977, counsel for

the class filed a joint petition for attorney's fees. On August 22, 1977, in view of the pending application for counsel fees, this Court appointed H. Woodruff Turner, Esquire, a highly competent and experienced attorney, guardian *ad litem* and counsel (hereinafter referred to as "guardian") to represent the interests of the class in conjunction with the determination of reasonable fees for class counsel. The controversy *sub judice* is generated by a motion to vacate the guardian's appointment filed by class counsel.

This Court's appointment of a guardian for the class was motivated by several advantages which accrue from such a procedure where attorneys' fees are recoverable from a fund created by the litigation.

■ The initial difficulty in setting counsel fees when a guardian is not appointed revolves around the defendants' total indifference to the proceedings. Having agreed to contribute a fixed sum of money in settlement of the suit, the proportion of the fund allocated to counsel fees is of no moment to the defendants. Consequently, defendants do not participate in the fee determination proceedings. The unfortunate result is the necessity for the judge to assume the advocate's role left unfilled by the defendants' departure. The dilemma thereby created for the Court finds the judge playing "devil's advocate" on behalf of the disinterested defendants, while at the same time attempting to exercise his impartiality in making a just determination of reasonable fees. To require the judge to occupy an adversary position during the fee proceedings is highly inconsistent with his acknowledged duty to act as an impartial arbitrator. The appointment of a guardian for the class obviates this considerable problem of judicial schizophrenia.[1]

Additionally, it is economically impracticable to expect that individual class mem-

bers will be able to participate in the fee proceedings, or indeed desire to participate. Where the individual recoveries are very small, as in the instant suit, the time and expense of participation would be far in excess of the anticipated benefit. The appointment of a guardian for the class, therefore, provides representation for the class members at a stage of the proceedings where their interests could only be unprofitably protected, and where, not surprisingly, there is normally no class member participation. Class counsel's contention that absence of objection by any class member under these circumstances mandates the award of any counsel fee requested by them can hardly be seriously considered.

■ In accord with our view that the appointment of a guardian for the class provides advantages not otherwise available in class action fee proceedings of this nature is *Miller v. Mackey International, Inc.*, 70 F.R.D. 533 (S.D.Fla.1976). Judge Roettger similarly concluded:

"Because the interest of the class members is specifically adverse to the interest of their lawyers who seek an attorney's fee to be awarded from the settlement fund, the class members must be protected. The attorney for the defendant has little concern for the manner in which the fund is divided. Consequently, the court appointed an experienced attorney as a guardian *ad litem* for the members of the class. . . . this procedure both achieves protection for the members of the class and enables the trial judge to remain in an impartial position. Counsel for the class strenuously objected to the appointment of a guardian *ad litem* and asserted that the court should conduct cross examination of the witnesses testifying for plaintiff's counsel. However, that contravenes the court's traditional role, tending to cast the court into an

1. Class counsel has argued that it is beyond the power of this Court to appoint an attorney to represent a class where there is no representative plaintiff raising the issue. The argument thereby concludes that the Constitutional "case or controversy" requirement of Article III has not been satisfied. As guardian for the class has ably pointed out, however, it is the absence

of a guardian which would prevent an adversarial proceeding. The nature of the duty placed on the guardian in this case insures that the issues will be "presented in an adversary context and in a form historically viewed as capable of resolution through the judicial process." *Flast v. Cohen*, 392 U.S. 83, 95, 88 S.Ct. 1942, 1950, 20 L.Ed.2d 947 (1968).

advocate's role. . . . Although specific authority for the appointment of a guardian *ad litem* is not provided for in Rule 23, it is inherent within Rule 23(d)," *Miller, supra* at 535

It is the Court's responsibility to prevent possible "prejudice to those whose substantive interests are at stake and who are unrepresented except by the very lawyers who are seeking compensation." *Cherner v. Transitron Electronic Corp.*, 221 F.Supp. 55, 61 (D.Mass.1963).

 Bolstered by the sincere belief that the appointment of a guardian for the class in the instant situation will aid the cause of justice in the determination of fair counsel fees, the motion to vacate the guardian's appointment will be denied.[2]

An appropriate Order will issue.

---

**2.** Class counsel has additionally attacked the propriety of awarding the guardian's fee from the settlement fund. However, since the guardian is charged with the protection of the fund for the class, his fee may be charged against that fund. *Miller, supra* at 535.