Delbert W. MOORE, Plaintiff,

v.

Joseph A. CALIFANO, Jr., Secretary of Health, Education, and Welfare, Defendant.

Civ. A. No. 74–0552 CH.

United States District Court, S. D. West Virginia, Charleston Division.

April 26, 1979.

---

Franklin W. Kern, Charleston, W. Va., for plaintiff.

Mary S. Feinberg, Asst. U. S. Atty., Charleston, W. Va., for defendant.

COPENHAVER, District Judge.

This civil action is before the court on the fee petition of Franklin W. Kern, counsel for plaintiff, to compensate Mr. Kern for

legal services provided the plaintiff in connection with plaintiff's black lung claim. On February 9, 1971, the plaintiff filed a claim with the Social Security Administration for benefits pursuant to the Federal Coal Mine Health and Safety Act of 1969 [hereinafter the "Act"], 30 U.S.C. § 901 *et seq.* The Secretary denied plaintiff's claim and plaintiff thereafter sought review in this court of the Secretary's decision. On March 3, 1976, the court remanded the case to the Secretary, and, upon reconsideration, the Secretary granted benefits for the plaintiff.

The total past-due benefits awarded plaintiff were in the amount of $24,209.80. Pursuant to § 206(a) of the Social Security Act, 42 U.S.C. § 406(a),[1] the Secretary awarded Franklin W. Kern, counsel for plaintiff, a fee of $2,500 for services performed by Mr. Kern on behalf of the plaintiff before the Social Security Administration. On December 4, 1978, Mr. Kern petitioned this court for an additional $2,500, pursuant to § 206(b) of the Social Security Act, for legal services provided plaintiff in connection with the court's review of the Secretary's original decision denying benefits.

At a hearing on December 21, 1978, the Secretary, represented by the office of the United States Attorney in this district, objected to the requested fee and sought through the direct examination of the plaintiff and the plaintiff's daughter to challenge the accuracy of the time sheet submitted by Mr. Kern in support of his petition. The hearing was continued until December 29, 1978, at which time counsel for Mr. Kern asserted that the Secretary had no standing to object to the fee requested, or to otherwise participate in the fee petition proceedings, and, moreover, that the office of the United States Attorney had no authority to act for the Secretary in such matters. The court continued further hearing on the petition to permit the parties to file memoranda supporting their respective

1. All applicable sections of the Social Security Act have been incorporated into the Federal Coal Mine Health and Safety Act pursuant to 30 U.S.C. § 923(b).

arguments. Those memoranda having been filed herein, the issue is presently pending resolution by the court.

As is described by the Secretary in his initial memorandum, the parties in this last phase of the litigation depart from their previous, traditional adversary roles. The plaintiff first appears before the court to attack the Secretary's decision denying benefits. Counsel for the plaintiff champions his cause. If the plaintiff prevails, he will ordinarily receive a fixed amount of past-due benefits. Assuming the Secretary does not appeal the grant of benefits, counsel for the plaintiff may then petition both the Administration and the court for a total attorney's fee of up to twenty-five percent of this fixed amount. 42 U.S.C. § 406. At that point, the plaintiff and his counsel no longer have common interests: the funds which are now earmarked for payment of the plaintiff's claim are subject to the just and reasonable fees of the plaintiff's attorney as fixed by order of the Secretary and the district court. The Secretary argues that as a result of this change in the posture and relationship of the parties, the Secretary must participate in the fee petition proceeding to avoid inherent abuses, ensure protection of the plaintiff's interests, and aid the court in setting a fair rate of compensation.

On the other hand, once the claimant has prevailed over the Secretary, it is the consequent alteration of the government's role upon which Mr. Kern relies to support his position. Counsel for Mr. Kern asserts that once the Secretary designates the amount of the award and is no longer in opposition to the plaintiff, the secretary loses any legal interest or title in the monies, is no longer susceptible to any injury or benefit from the court's rulings, and consequently has no standing to object to a requested fee. Moreover, Mr. Kern argues the Secretary cannot properly represent the interests of one whom he has just recently opposed, nor can the Secretary properly divide his allegiance between the government and the plaintiff.

Section 206(b)(1) of the Social Security Act provides:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Secretary may, notwithstanding the provisions of section 405(i) of this title, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

42 U.S.C. § 406(b)(1).

The following procedure has been devised by the court in this district for implementing Section 206(b)(1). By letter dated December 21, 1977, addressed to the members of the Bar of the Southern District of West Virginia, Chief Judge Dennis R. Knapp stated:

> Pursuant to section 206(b) of the Social Security Act, the Court, upon a finding that a plaintiff is entitled to benefits, may grant an attorney fee for services rendered to the Court, not to exceed 25% of the accrued benefits. The petition to the court should also be served on the United States Attorney. This petition should contain a breakdown of the time spent rendering services to the plaintiff at the judicial stage, as well as a brief description of the services provided. The United States Attorney will be given approximately thirty (30) days to consult with the Department of Health, Education and Welfare to consider the reasonableness of the fee. If the government chooses to contest the petition for a fee, a hearing will be scheduled at which time both the attorney and the client, the plaintiff in the action, should appear.

In addition to this procedure, it has been the practice of this court to require an

affidavit from the plaintiff stating that the plaintiff assents to the requested fee, if in fact that is the case, and to require proof of written notice to the claimant of any hearing by the filing of a returned postal receipt executed by the plaintiff or a member of his household. Furthermore, the court reserves the right to examine the reasonableness of any fee and to schedule any hearings it deems appropriate, irrespective of the position of the Secretary or the plaintiff as to the reasonableness of the fee requested.

■ The practice of the court has thus been to permit the Secretary to participate in the fee petition proceeding, and in fact to rely upon the knowledge and experience of the Secretary to aid the court in the exercise of its discretion. In light of the issue now raised contesting this practice, the court has reexamined the legal basis for its present procedures. The court is of the opinion, as is more fully set forth below, that the Secretary not only has standing to participate in the fee determination, but that his participation is beneficial, indeed often necessary, to a fair evaluation of the petition by the court.

The court notes at the outset that the question before it is novel, not because the facts are original, but simply because it has not been raised heretofore. The Secretary has participated in fee petitions in numerous cases at both the district and appellate levels. *See, e. g., Gardner v. Menendez,* 373 F.2d 488 (1st Cir. 1967); *Chernock v. Gardner,* 360 F.2d 257 (3rd Cir. 1966); *Conner v. Gardner,* 381 F.2d 497 (4th Cir. 1967); *Webb v. Richardson,* 472 F.2d 529 (6th Cir. 1972); *Fenix v. Finch,* 436 F.2d 831 (8th Cir. 1971); *MacDonald v. Weinberger,* 512 F.2d 144 (9th Cir. 1975). In *McKittrick v. Gardner,* 378 F.2d 872 (1967), the Fourth Circuit Court of Appeals stated that an evidentiary hearing on the petition may be required in the extraordinary case where "the lawyer's claim may depend in part upon factual assertions which are questioned by the Secretary." *Id.* at 875. The Fourth Circuit observed in a footnote to this statement that: "The Secretary, of course, should be afford-

ed an opportunity to be heard. He will have seen the pleadings and the briefs of the claimant's attorney and observed his performance. His comparative appraisal, with the benefit of his very broad experience, should be of assistance to the court." *Id.* at n. 4. The Fourth Circuit has thus approved in dicta the participation of the Secretary, albeit without the citation of supporting authority.

Participation by the Secretary in fee hearings rests upon sound legal justification. The stated purpose of the Act is to provide benefits to coal miners and their dependents in the event of death or total disability due to pneumoconiosis. 30 U.S.C. § 901 (1969, and as amended, 1972). The Secretary is obligated to administer the Act in keeping with this legislative purpose. 30 U.S.C. § 921 (1969, and as amended, 1972). Furthermore, the codified purpose of the Act is supplemented by the legislative history of the House and Senate bills, revealing a deep concern by Congress to protect and aid coal miners, "and to combat the steady toll of life, limb and lung, which terrorizes so many unfortunate families." 1969 U.S. CODE CONG. and ADMIN.NEWS, p. 2503.

The primary interest of the Secretary is to carry out the congressional purpose. Indeed, the Secretary's appointed duty is to administer the Act in accordance with his delegated authority. As a natural corollary of the statutory aim, the Secretary must be deemed empowered to see that the available funds, in keeping with the laudatory purpose of the statute, are not subjected to unreasonable demands in behalf of the claimant's attorney. The court concludes that the Secretary retains an interest in the fair distribution of the monies withheld for attorney's fees by virtue of the overall statutory purpose and the Secretary's continuing responsibilities as administrator of the Act.

■ Moreover, the court finds that the alternating roles assumed by the Secretary throughout the administrative and judicial process are not incongruous, as suggested by Mr. Kern; rather, these changing positions vis a vis the plaintiff are necessary to

the accomplishment of the Act's overriding purpose to fully benefit qualifying claimants. The Secretary and his representative do not appear during the fee petition proceedings as counsel for the plaintiff, nor as counsel for the court. Although in the present case the Secretary is aligned with the plaintiff and objects to the requested fee, it is conceivable that in another case, the Secretary may recommend the requested fee, despite the plaintiff's opposition. The narrow purpose of the fee petition proceeding is to establish a reasonable rate of compensation: each party to the proceeding, motivated by his respective interests, is free to support his position before the court as to what he believes that fair standard to be. The Secretary and his counsel represent the interests of the United States, within the parameters established by Congress, throughout every phase of the plaintiff's case.

■ Mr. Kern questions in his memorandum the extent of discovery which is appropriate in fee petition proceedings, as well as other practical problems which he asserts now exist as a result of the Secretary's participation. As noted by the Fourth Circuit, *supra* at 149, the Secretary contributes valuable experience and expertise to the fee petition proceeding, as does counsel for the plaintiff. Consequently, in order that the parties might be adequately prepared to aid the court in fixing a reasonable fee, both parties enjoy the benefit of full discovery consistent with applicable rules of procedure. For purposes of evidentiary hearing, the parties are free to use all customary avenues, including the right to subpoena witnesses and conduct direct and cross examination, in order to explore and elicit the relevant facts for consideration by the court.

■ The court further observes that counsel for the Secretary may properly contact the claimant directly to obtain information and assistance with respect to fee petition matters once the claimant's attorney has either filed a petition for fee or obtained a post-award agreement from the claimant by way of affidavit or otherwise

as to the amount of such fee. By virtue of the potential adverse interests of the claimant and his counsel, the attorney-client relationship is deemed terminated for fee petition purposes. No justification for maintaining the attorney-client shield exists where the client's interests are inherently in conflict with those of counsel.

■ Finally, Mr. Kern asserts in his memorandum, and in a letter addressed to the court in response to the Secretary's reply memorandum, that the office of the United States Attorney is unauthorized to represent the Secretary. Mr. Kern cites in support of his position the duties of the United States Attorney enumerated in 28 U.S.C. § 547. Having concluded that the Secretary has standing to appear in the fee petition proceeding, the court finds that his representation by the office of the United States Attorney is proper and within the scope of the obligations set forth in 28 U.S.C. § 547.

Accordingly, it is hereby ORDERED that the parties appear in keeping with this memorandum order for further proceedings on the petition for attorney's fees as heretofore scheduled.