**Eugene LEWIS, Plaintiff-Appellee,**

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellant.**

**No. 82–5295.**

United States Court of Appeals, Sixth Circuit.

Argued March 31, 1983.

Decided May 13, 1983.

---

W. Hickman Ewing, Jr., U.S. Atty., Arthur S. Kahn, Asst. U.S. Atty. (argued), Memphis, Tenn., for defendant-appellant.

Walter Buford (argued), Memphis, Tenn., for plaintiff-appellee.

Before MERRITT and MARTIN, Circuit Judges, and PORTER, Senior District Judge.*

MERRITT, Circuit Judge.

This appeal, arising out of a Social Security case, presents for review the awarding of fees by the district courts to attorneys of plaintiffs who prevail in litigation of claims against the Secretary. Under 42 U.S.C.A. § 406(b), the attorney who successfully represents a claimant is entitled to receive a portion of the claimant's award as compensation for legal services rendered in pursuit of the claim.[1] *See Webb v. Richardson,* 472 F.2d 529, 536 (6th Cir.1972) (tribunal making attorney's fee award can consider all services performed by attorney from time

---

\* The Honorable David S. Porter, Senior District Judge for the Southern District of Ohio, sitting by designation.

1. As pertinent here, the statute provides:

(b)(1) Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Secretary may ... certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

claim filed with Secretary). Hence, the real party in interest in this appeal is Walter Buford, the attorney who represented plaintiff Eugene Lewis in the administrative and judicial proceedings below.

## I.

The Secretary asks us to review Judge Odell Horton's decision to grant Mr. Buford's fee petition for 25% of the total of past-due benefits that had been awarded to Mr. Lewis. After a hearing at which the government's attorney, Arthur Kahn, vigorously objected to this fee petition for 25% of plaintiff's award—the maximum fee allowed by the statute—Judge Horton denied Mr. Kahn's request to examine Mr. Buford as to the accuracy of the fee petition, and granted plaintiff's counsel's request for a fee of $3,363.67, a sum that according to counsel's itemized fee petition, would compensate him at a rate of nearly $75 per hour.

Although Mr. Buford does not dispute the issue on appeal, we note by way of introduction that the United States Attorney is entitled to participate in attorneys' fees adjudications under 42 U.S.C.A. § 406(b), *supra. Webb v. Richardson, supra; MacDonald v. Weinberger,* 512 F.2d 144 (9th Cir.1975); *McKittrick v. Gardner,* 378 F.2d 872 (4th Cir.1967). In view of the humanitarian policy of the Social Security program to benefit the disabled, we agree that the Secretary "retains an interest in the fair distribution of monies withheld for attorney's fees," *Moore v. Califano,* 471 F.Supp. 146, 149 (S.D.W.Va.1979), *appeal dismissed,* 622 F.2d 585 (4th Cir.1980).

The instant case involves a 25% contingency fee contract between Mr. Lewis and his attorney. This fact, although a consideration, does not preclude our review of the propriety of the award. As in most Social Security cases, Mr. Lewis' entitlement to benefits constituted the sole issue in the case; the proper method of computation of benefits was not disputed. In such cases, there is generally a much less direct correlation between the size of the claimant's recovery and the lawyer's skill, effort or effectiveness than there is in, say, most personal injury cases. *See McKittrick v. Gardner, supra,* at 874. Moreover, we are not overly impressed by Mr. Buford's observation that Mr. Lewis has not objected to the size of the award. As the court noted in *McKittrick, supra,* at 874, the least competent and diligent attorney "may be the quickest to declare to the client 'I won your case.' Such a claimant is unlikely to object to an allowance of a fee in accordance with his contingent fee arrangement, for, rightly or wrongly, he will usually give the lawyer all of the credit for the success in winning an award of benefits for him."

## II.

Mr. Buford's role in this case began following the Secretary's termination of disability benefits to Mr. Lewis. After the filing of a complaint in United States District Court for the Western District of Tennessee, the Secretary voluntarily moved to have the case remanded for a supplemental hearing that would include testimony by a vocational expert. At this hearing, Mr. Lewis was represented by Mr. Tom Mitchell, an associate in Mr. Buford's office. The hearing record shows that Mr. Mitchell was rather poorly prepared: that he had not, until just before the hearing, reviewed the single new piece of medical evidence; that he was unfamiliar with the other exhibits in the record and the regulations governing the case; and that he ceded the examination of his client to the administrative law judge and declined to supplement the ALJ's interrogation of Mr. Lewis.

After the Appeals Council's adoption of the ALJ's opinion denying Mr. Lewis' claim, the case proceeded in the District Court of Judge Bailey Brown, who referred it to a United States Magistrate. The latter issued a briefing schedule that ordered the claimant to submit a brief within thirty days. No such brief was ever filed.

On the same day that the Magistrate issued his Report and Recommendation in favor of Mr. Lewis' claim, the Secretary, who had not yet received the Report, filed a

Motion for Order Affirming Secretary's Decision, with a fourteen-page Memorandum in Support. In response, Mr. Buford filed a four-sentence Memorandum objecting to the untimely submission of the Secretary's Motion and Memorandum and relying on "the objective and fairly complete facts and the sound and apt principles and precedents stated" in the Magistrate's Report. Although Mr. Buford's Memorandum contained no case citation or any other manifestation of legal research, he subsequently billed two hours of time for its preparation. Two days later, the Secretary filed a Motion to Resubmit Case to Magistrate. Although this Motion was only two pages long and cited no cases, Mr. Buford billed two hours to review it.[2] He then replied in another four-sentence document, for which he billed two more hours of preparation time. Like its predecessor, this submission cited no legal authority. Over the government's objection, Judge Robert M. McRae, Jr. (who had inherited the case following Judge Brown's appointment to the Sixth Circuit Court of Appeals) adopted the Magistrate's Report and Recommendation and entered an order in favor of Mr. Lewis.

Nearly two years after the judgment had been entered, Mr. Buford filed a Memorandum for Approval and Payment of Fee, to which he attached an itemized fee petition.[3] By this time, the case had migrated to Judge Horton's docket. · At the ensuing hearing on the attorney's fee petition, Judge Horton allowed Assistant U.S. Attorney Kahn to present his objections to the petition but did not require Mr. Buford to submit to cross-examination on the issue. Mr. Kahn proceeded to make a detailed statement criticizing the quality of legal representation afforded Mr. Lewis and questioning the accuracy of Mr. Buford's fee petition.[4] Mr. Kahn closed by stating that "under all the facts in this record, it would be truly unconscionable to award Mr. Buford what he asked for." (App. at 36.)

After a brief rebuttal by Mr. Buford at the end of Mr. Kahn's statement, Judge Horton made the following ruling from the bench:

Well, gentlemen, I think one thing is probably fairly obvious to everybody here, and that is I wish this had gone back to Judge McRae rather than coming here. But fate decreed otherwise. It seems to the Court that given the fact of such a long time lapse, four and a half years, or thereabouts, and given the fact that a good result was achieved for the benefit of Mr. Lewis, and given the fact that in the Court's mind these fees ought never to be put so low as to discourage highly competent lawyers from accepting these fees, and given the reality of today's economic climate, it just seems to the Court, Mr. Kahn, that the Court ought to just go ahead and approve the fee and commit that unconscionable act that you indicated the Court would be committing if it approved the fee. At this late date, and given the fact that Mr. Buford admits he did not do all the work himself, and that much of it may have been performed by others in his office, and that he has no independent recollection of many of these matters, it seems to me further that since · the fee has been withheld by the Social Security Administration, and that his client did not oppose it any way, that the Court ought to exercise its discretion and just enter an order approving the fee. It is obviously within the statutory permission.

Now, I do agree with you that there is nothing in the statute that says the fee ought to be twenty-five per cent, or what it should be. I think you are entirely correct on that. But I think there are

---

2. This item apparently represents only the time spent reading the government's Motion, because Mr. Buford's fee petition includes discussion with the client as a separate item.

3. At least part of this time lapse evidently stemmed from Mr. Buford's erroneous initial submission of his fee petition to the Secretary.

4. Mr. Kahn contested many items in the fee petition, including all of the examples cited in this opinion.

extenuating circumstances here, and the Court will, as I say, commit that unconscionable act, and Mr. Buford, if you will prepare an order, the Court will enter it, and, Mr. Kahn, I have to give you an "A" for representing your office.

### III.

■ Although we sympathize with Judge Horton's desire to dispose expeditiously of a case that made a belated and unanticipated appearance in his courtroom, we cannot affirm the award of the statutory maximum attorney's fee on this record. As the court observed in *Redden v. Celebrezze,* 370 F.2d 373, 376 (4th Cir.1966):

> [W]hile the lawyer is entitled to a reasonable compensation for the services rendered by him in the judicial proceeding, these benefits are provided for the support and maintenance of the claimant and his dependents and not for the enrichment of members of the bar. Routine approval of the statutory maximum allowable fee should be avoided in all cases. *In a great majority of the cases, perhaps, a reasonable fee will be much less than the statutory maximum.* (Emphasis supplied.)

We do not believe that the District Court's streamlined hearing allowed adequate consideration of the value of Mr. Buford's services in this case. Furthermore, we do not believe that Mr. Lewis should have to pay for the "extenuating circumstances" in this case, which were at least in part due to Mr. Buford's own failure to follow the proper fee collection procedure. *See* note 3, *supra.*

In *Webb v. Richardson, supra,* this Court adopted the principles articulated by the Fourth Circuit in *McKittrick v. Gardner, supra,* to govern district court review of attorneys' fee petitions in Social Security cases. In *McKittrick,* the court stated that such proceedings ordinarily do not require evidentiary hearings because the district judge normally will be able to evaluate the "quantity and quality of the lawyer's serv-

ices." 378 F.2d at 875. The *McKittrick* court further noted, however, that "[t]here may be extraordinary cases in which the lawyer's claim may depend in part upon factual assertions which are questioned by the Secretary" and implied that such cases should receive an evidentiary hearing.

The instant case strikes us as a prime candidate for this "extraordinary" status. First, in addition to the various administrative proceedings, no less than three district judges handled the case at various stages. In contrast to the conventional situation envisioned by the court in *McKittrick,* when called upon to make an attorney's fee award, Judge Horton had not enjoyed the opportunity to evaluate Mr. Buford's services through personal observation. Second, the dispute here centers precisely on factual assertions contained in the fee petition. We, therefore, conclude that the District Court should hold a full-fledged evidentiary hearing to establish a "reasonable" attorney's fee in this case.[5]

■ For guidance regarding the scope and nature of this hearing, we refer the District Court to the case of *Moore v. Califano,* 471 F.Supp. 146 (S.D.W.Va.1979), where the court provided the following description of a fee petition hearing:

> [I]n order that the parties might be adequately prepared to aid the court in fixing a reasonable fee, both parties enjoy the benefit of full discovery consistent with applicable rules of procedure. For purposes of evidentiary hearing, the parties are free to use all customary avenues, including the right to subpoena witnesses and conduct direct and cross examination, in order to explore and elicit the relevant facts for consideration by the court.

The court further observes that counsel for the Secretary may properly contact the claimant directly to obtain information and assistance with respect to fee petition matters once the claimant's attorney has either filed a petition for fee or obtained a post-award agreement from

---

5. Our description of some of the fee items that the Secretary finds objectionable is not intended to imply that we reject the petition's accura-

cy. We believe, however, that the government has raised sufficient doubts to warrant an evidentiary hearing on the matter.

the claimant by way of affidavit or otherwise as to the amount of such fee. By virtue of the potential adverse interests of the claimant and his counsel, the attorney-client relationship is deemed terminated for petition purposes. No justification for maintaining the attorney-client shield exists where the client's interests are inherently in conflict with those of counsel.

*Id.* at 150. We hereby adopt the attorney's fee petition evidentiary hearing procedure set out by the *Moore* court for Social Security cases.

Accordingly, we vacate the order entered by the District Court awarding attorney's fees and remanded the case for further proceedings consistent with this opinion.