**Fay M. COURTER, Plaintiff,**

v.

**Margaret M. HECKLER, Secretary of Health & Human Services, Defendant.**

No. C–1–81–891.

United States District Court, S.D. Ohio, W.D.

Jan. 11, 1984.

Alvin Eugene White, Cincinnati, Ohio, for plaintiff.

Joseph E. Kane, Asst. U.S. Atty., Columbus, Ohio, for defendant.

SPIEGEL, District Judge:

This matter came on for consideration of plaintiff's counsel's memorandum in support of his application for attorney's fees (doc. 15) and the addendum thereto (doc. 16), as well as defendant's memoranda in opposition (docs. 17 and 18). In this case, Alvin Eugene White was successful in obtaining an award of benefits for his client, as this Court accepted the Report and Recommendation of the Magistrate and adopted the same as its final Order and Judgment (doc. 10), thereby reversing the decision of the Secretary denying benefits.

Mr. White now seeks an award of attorney's fees that exceeds 25% of the total of the past due benefits to which the claimant is entitled. Specifically, counsel seeks an attorney's fee of $3,954.40 which exceeds by $1,312.30 the 25% maximum permitted by 42 U.S.C. § 406(b)(1). Counsel points out that his client has approved his bill of $3,954.40 and agreed to pay out of her own funds $1,312.30. The balance, or $2,642.10, would be paid by the Social Security Administration out of the accrued past due benefits.

Counsel points out that in another case an Administrative Law Judge authorized him to charge and receive a fee of $1,285.20, in an Order that read "$771.05 [to] be paid by the Social Security Administration from past due benefits (25%) and balance of $514.15 from claimant" (doc. 16). Counsel argues that the District Court should similarly authorize payment of a fee in excess of 25% of past due benefits, with the amount beyond the 25% to be paid by the claimant.

We disagree. Title 42 U.S.C. § 406(b)(1), the attorney fee provision of the Social Security Act, provides as follows:

(b)(1) Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25% of the total of the past due benefits to which the claimant is entitled by reason of such judgment, and the Secretary may, notwithstanding provisions of § 405(i) of this Title, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

This statute governs attorney fee awards in disability cases appealed to the district court. Where a claimant is successful at the *administrative* level, as in the case relied upon by plaintiff's counsel, 42 U.S.C. § 406(a) provides that the Secre-

894

tary shall certify as payment to the attorney out of past due benefits an amount equal to the smaller of (1) 25% of past due benefits; (2) the amount of the attorney's fee fixed by the Secretary by rule and regulation, or (3) a fee agreed upon by the attorney and claimant. Thus, there is statutory authority, § 406(a), for authorizing an attorney fee in excess of 25% of past-due benefits where there is no appeal to the district court. Once such an appeal has been taken, § 406(b) requires that the district court not authorize a fee in excess of 25% of past-due benefits. Indeed, in this circuit the award by the district court covers the attorney's services at the administrative level as well. *Webb v. Richardson*, 472 F.2d 529, 536 (6th Cir.1972).

Accordingly, we conclude and so hold that under no circumstances may the district court approve an award of attorney's fees in a social security case that exceeds 25% of the past-due benefits to which the plaintiff is entitled. We therefore deny Mr. White's application insofar as that application seeks approval of a fee in excess of the statutory maximum.

However, defendant Secretary does not oppose the award of $2,642.10 to Mr. White. Our own review of the itemization of time spent by Mr. White on this case (doc. 9) reveals that an attorney fee equal to 25% of the past-due benefits to which plaintiff is entitled is appropriate. Accordingly, we approve the application for attorney's fees in the amount of $2,642.10.

SO ORDERED.