762 F.2d 1014
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
ELVIS WHITMAR, PLAINTIFF-APPELLANT,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, DEFENDANT-APPELLEE.
 NO. 84-5460
 United States Court of Appeals, Sixth Circuit.
 3/27/85
 ORDER
 
 1
 BEFORE: ENGEL and JONES, Circuit Judges; and HULL, Chief District Judge.*
 
 
 2
 This appeal arises out of a Social Security disability benefits case. The real party in interest is Ronald K. Bruce, the attorney who represented plaintiff in the administrative and judicial proceedings. This appeal has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. After examination of the record and the briefs, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rule of Appellate Procedure.
 
 
 3
 On August 19, 1983 the district court reversed the Secretary's denial of benefits to plaintiff. Plaintiff was awarded past due benefits of $13,735 and his family was awarded $5,454. On March 2, 1984 Mr. Bruce moved the district court to approve attorney's fees of $4,797.25, which was twenty-five percent (25%) of the total past due benefits awarded to plaintiff and his family. The district court found that the fees requested exceeded its guidelines and granted Mr. Bruce $1,800 in attorney's fees.
 
 
 4
 Upon consideration, this Court concludes that the district court did not abuse its discretion when it awarded the attorney's fees. Under 42 U.S.C. Sec. 406(b)(1) the attorney who successfully represents a claimant is entitled to receive up to 25% of the plaintiff's award as compensation for his services. See Lewis v. Secretary of Health and Human Services, 707 F.2d 246, 247 (6th Cir. 1983). The statute requires the district court in each case to establish what is a reasonable attorney's fee. Smith v. Detroit Board of Education, 728 F.2d 359, 360 (6th Cir. 1984); McKittrick v. Gardner, 378 F.2d 872, 875 (4th Cir. 1967). Although Sec. 406(b)(1) allows payment of up to 25% of past due benefits this Court has held that in a majority of cases a reasonable fee will be much less than the statutory amount. Lewis v. Secretary of Health and Human Services, supra, 707 F.2d at 250. Here the district court considered Mr. Bruce's motion and the supporting documents and held that a reasonable fee was less than the requested amount. The court did not abuse its discretion in so holding.
 
 
 5
 Accordingly, it is ORDERED that the judgment of the district court is affirmed.
 
 
 
 *
 The Honorable Thomas G. Hull, Chief U.S. District Judge for the Eastern District of Tennessee, sitting by designation