Roselia **SNIZASKI**, Plaintiff,

v.

**Margaret HECKLER, Secretary of Health and Human Services, Defendant.**

John **VARLEY**, Plaintiff,

v.

**Margaret HECKLER, Secretary of Health and Human Services, Defendant.**

Robert J. **ANDREWS**, Plaintiff,

v.

**SECRETARY OF the DEPARTMENT OF HEALTH AND HUMAN SERVICES, Defendant.**

William W. **GEARY**, Plaintiff,

v.

**SECRETARY OF the DEPARTMENT OF HEALTH AND HUMAN SERVICES, Defendants.**

Civ. A. Nos. 83–1414, 83–1970, 83–1984 and 83–2410.

United States District Court, W.D. Pennsylvania.

April 23, 1985.

See also 602 F.Supp. 1119.

Robert N. Peirce, Jr., Pittsburgh, Pa., for Roselia Snizaski and John Varley.

Amiel B. Caramanna, Jr., Pittsburgh, Pa., for Robert J. Andrews and William W. Geary.

Albert W. Schollaert, Asst. U.S. Atty., Pittsburgh, Pa., for Secretary of the Dept. of Health and Human Services.

## MEMORANDUM OPINION

TEITELBAUM, Chief Judge.

Before the Court are fee petitions in four social security disability cases. 42 U.S.C. § 406(b)(1) authorizes a court to fix and determine a reasonable fee for representation of successful disability claimants in proceedings before the court. In determining a reasonable fee a court is faced with two competing considerations: first, the attorney's compensation must be sufficient to encourage members of the bar to undertake representation of disability claimants and second, the disability award, from which the attorney's fee is paid, is an already-inadequate stipend for the maintenance of the claimant and his dependents. *MacDonald v. Weinberger*, 512 F.2d 144, 146–147 (9th Cir.1975).

In general, the reasonableness of court-awarded attorney's fees is determined under the criteria set forth in *Lindy Bros. Bldrs., Inc. v. American Radiator & Standard Sanitary Corp.*, 487 F.2d 161 (3d Cir.1973) and its progeny. Adapting *Lindy* to a social security disability case, the court considers the amount of time spent on the case and the type of services performed, the amount of the fee requested, the complexity of the case and the level of skill and competence required, and the contingent nature of the case. *See* 20 C.F.R. § 404.1725(b) for factors considered by the Secretary when evaluating a request for approval of a fee for services before the agency; *see also McKittrick v. Gardner*, 378 F.2d 872, 875 (4th Cir.1967) for discussion of contingent nature of case.

*C.A. No. 83–1984 and 83–2410*

At Civil Action No. 83–1984, *Andrews v. Secretary, Health and Human Services,*

petitioner Amiel B. Caramanna, Jr., Esq., requests $1,787.50 for 16 hours of representation before the Court. Of these 16 hours, 8½ hours of representation are listed at $100 per hour and 7½ hours are listed at $125 per hour. Included in these 16 hours are: preparing a 1½ page complaint —3½ hours; writing a cover letter to the Court enclosing certified receipts and return of service—½ hour; reviewing the Court's briefing schedule—½ hour; reviewing the government's motion for summary judgment—½ hour; writing a cover letter to the Court enclosing plaintiff's brief—½ hour.

At Civil Action No. 83–2410, *Geary v. Secretary, Health and Human Services,* petitioner Caramanna requests $1400.00 for 15¼ hours of representation before the Court. In this petition 9¾ hours are listed at $90 per hour and 5½ hours at $110 per hour.[1] Again preparing a 1½ page complaint, substantially similar to the complaint at Civil Action No. 83–1984, required 3½ hours and writing 3 cover letters to the Court required ½ hour each.

In *Lewis v. Secretary, Health and Human Services,* 707 F.2d 246 (6th Cir.1983) the attorney in a social security disability case claimed 2 hours for preparing a 4 sentence memorandum which contained no case citation or other manifestation of legal research, 2 hours for reviewing a motion filed by the government which was 2 pages long and cited no cases, and 2 hours for preparing a 4 sentence reply which cited no legal authority. The factual accuracy of these items, and others, was contested by the Secretary. Because the petitioner's factual assertions were disputed, it was held that a full evidentiary hearing was required to determine a reasonable fee.

Here the Secretary does not contest the factual assertions in the fee petitions and raises no factual dispute to be resolved through an evidentiary hearing.

The present situation is akin to the situation which occurs when a class action set-

tlement results in the creation of a fund from which attorney's fees and awards to class members will be paid and the defendants no longer have any incentive to participate in the proceedings. When faced with the latter situation this member of the Court stated:

> The unfortunate result is the necessity for the judge to assume the advocate's role left unfilled by the defendant's departure. The dilemna thereby created for the Court finds the judge playing "devil's advocate" on behalf of the disinterested defendants, while at the same time attempting to exercise his impartiality in making a just determination of reasonableness. To require the judge to occupy an adversary position during the fee proceeding is highly inconsistent with his acknowledged duty to act as an impartial arbitrator.

*Hass v. Pittsburgh National Bank,* 77 F.R.D. 382, 383 (W.D.Pa.1977).

In *Hass* judicial schizophrenia was avoided by the appointment of a guardian ad litem to represent the interest of the plaintiff class in connection with the determination of reasonable attorney's fees, with the award of the guardian's fee from the settlement fund. While such a procedure in social security disability cases would insure that claimants, who must ultimately bear the attorneys' fees, are adequately represented and protected, unfortunately, such a solution is not economically practical in these cases.

■ A potential conflict of interest between attorneys seeking compensation and their clients imposes on the court an independent duty to scrutinize fee petitions, but nonetheless a basis in the record is required for the court's determinations. *Cunningham v. City of McKeesport,* 753 F.2d 262, 267 (3d Cir.1985). Because the Secretary has not contested the factual assertions in the fee petitions, and the Court believes it inappropriate to do so, there is

---

**1.** The Court notes, without commenting, the difference in hourly rates requested by the same attorney. *As explained below, the Court is con-* strained to accept an unopposed representation by counsel of his billing schedule.

no basis in the record to question the accuracy of the fee petitions.

Therefore the undisputed hours and hourly rate set forth in the fee petitions, as certified by counsel, must be accepted as accurate. This results in a lodestar of $1787.50 at Civil Action No. 83–1984 and a lodestar of $1,482.50 at Civil Action No. 83–2410.

■ However, the excessive number of hours spent on simple, routine tasks indicates a level of skill and competence below that expected. The number of hours spent on the case

> is actually contraindicative of the skill and training of the attorney. A highly skilled attorney should be able to recognize key issues and points of law in a few minutes. An attorney not familiar with Social Security procedures may take many hours to arrive at the same facts.

R. Francis, Social Security Disability Claims § 5.19 at 16–17 (1983).

Therefore a negative quality multiplier of 20% will be applied to the lodestar amounts. Accordingly the fee awarded at Civil Action No. 83–1984 will be $1,430.00 and the fee awarded at Civil Action No. 83–2410 will be $1186.00.

### Civil Action No. 83–1414 and 83–1970

■ At Civil Action No. 83–1414, *Snizaski v. Heckler, Secretary, Health and Human Services*, petitioner Robert N. Peirce, Jr., Esq., requests $3,388.95 for services rendered. Peirce lists 3¾ hours representation before the Court at $125 per hour. Included in these 3¾ hours are: preparing the fee petition—1 hour; filing and serving the complaint—½ hour; filing and serving plaintiff's motion for summary judgment—½ hour. Barkan & Neff, co-counsel, list 13¾ hours representation before the Court. This includes preparing the fee petition—1¼ hours; completing the standard form complaint provided by the Clerk's office—2 hours; forwarding pleadings to Peirce—¾ hour. No hourly rate for Barkan & Neff is provided.

At 83–1970, *Varley v. Heckler, Secretary, Health and Human Services*, petitioner Peirce requests $1,610 for services rendered. Peirce lists 4¾ hours for Court representation. This time filing and serving the complaint took 1 hour and filing and serving plaintiff's motion for summary judgment took 1 hour. Barkan & Neff list 17½ hours for Court representation. Preparing the fee petition took 1 hour, completing the standard form complaint again took 2 hours and routine correspondence with Peirce consumed 3 hours.

The facts set forth in the fee petitions are not disputed by the Secretary, *cf. Lewis v. Secretary, Health and Human Services*, 707 F.2d 246 (6th Cir.1983) discussed at 2, and will not be disputed by the Court, *see Hass v. Pittsburgh National Bank*, 77 F.R.D. 382 (W.D.Pa.1977) discussed at 3, and therefore must be accepted as accurate.

■ However the time spent on three activities will be disallowed. First, the Court is not authorized to award fees for services rendered before the Social Security Administration and administrative time will be disallowed. *Snizaski v. Heckler, Secretary, Health and Human Services*, C.A. No. 83–1414 (W.D.Pa. Jan. 31, 1985). Second, the fee petitions do not benefit the claimant and time spent preparing them will be disallowed. *Id.* Third, the excessive time spent corresponding on routine matters will be disallowed.

Discussing fee petitions in class actions Judge Grady observed:

> Generally, attorneys should work independently, without the incessant "conferring" that so often forms a major part of the fee petition in all but the tiniest cases. Counsel who are not able to work independently should not seek to represent the class.

*In re Continental Illinois Securities Litigation*, 572 F.Supp. 931, 933 (N.D.Ill.1983). Judge Grady's observation is applicable to the excessive correspondence on routine matters, such as forwarding pleadings and inquiries as to the status of the case, that so often forms a substantial part of the fee

petitions submitted by Peirce and Barkan & Neff. Accordingly the time spent "corresponding" will be disallowed.[2]

Peirce states he bills $125 per hour for judicial representation. Barkan & Neff has provided no documentation of its hourly rate and in the absence of such documentation will be awarded $75 per hour which is considered a reasonable hourly rate for handling such non-complex litigation.

The undisputed allowable hours times the hourly rate yield a lodestar of $1225 at Civil Action No. 83–1414 and $1606.25 at Civil Action No. 83–1970.

Peirce and Barkan & Neff have jointly filed a substantial number of social security cases in this Court. They are not newcomers to this field of litigation and are expected to have developed sufficient familiarity with such litigation so that there is a corresponding reduction in the time necessary to properly represent their clients. However, even disallowing the time spent "corresponding", the excessive number of hours spent on simple, routine tasks demonstrates that the expectation has not been fulfilled and warrants application of a 20% negative quality multiplier. Accordingly the fee awarded at Civil Action No. 83–1414 will be $980.00 and the fee awarded at Civil Action No. 83–1970 will be $1285.00.

An appropriate order will be entered.

---

2. Alternatively, the time spent "corresponding" could be considered in the application of the negative quality multiplier.