782 F.2d 1041
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
ROBERT BEATTY, Plaintiff-Appellant,
vs.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 85-5255
 United States Court of Appeals, Sixth Circuit.
 12/17/85
 
 Before: MARTIN, CONTIE and WELLFORD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Tamara Todd Cotton, the attorney of three years for the successful claimant in this social security case, appeals from the district court's award of attorney's fees. Appellant requested an attorney fee of $4,931.02 which was 25% of past-due benefits and the statutory maximum under 42 U.S.C. Sec. 406(b)(1).[1] The district court denied this request and awarded counsel a fee at a rate of $75.00 per documented hour, which totaled $1,106.25 for 14.75 hours of documented work. The district court explained that it had established a practice of awarding $75.00 per hour to attorneys 'who successfully prosecute appeals from adverse decisions of the Secretary,' and that '[n]othing in this record justifies a departure from that practice.'
 
 
 2
 The standard of review used to assess the reasonableness of a district court's award of attorney's fees is whether the judge abused his discretion. Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717 (5th Cir. 1974) (award of attorney's fees in civil rights action). For the reasons set forth below, we hold that the district court did not abuse its discretion.
 
 
 3
 It is clear that an award of more than 25% of past-due benefits can never be approved under the statute, Dawson v. Finch, 425 F.2d 1192, 1195 (5th Cir.), cert. denied, 400 U.S. 830 (1970); Courter v. Heckler, 577 F. Supp. 892 (S.D. Ohio 1984), and that a routine approval of a 25% attorney's fee in every case is not permissible. Webb v. Richardson, 472 F.2d 529 (6th Cir. 1972); McKittrick v. Gardner, 378 F.2d 872, 873 (4th Cir. 1967); Redden v. Celebrezze, 370 F.2d 373, 376 (4th Cir. 1966). Therefore, a court cannot be bound by a 25% contingency fee contract like the one appellant had with the claimant in this case. Lewis v. Secretary of Health & Human Services, 707 F.2d 246, 248 (6th Cir. 1983); Modica v. Secretary of Health & Human Services, 581 F. Supp. 39 (E.D. N.Y. 1984).
 
 
 4
 Appellant argues that the district court abused its discretion by establishing a practice of awarding attorneys $75.00 per documented hour. This kind of practice, the appellant asserts, resulted in the district court not examining the quality of her representation.
 
 
 5
 We agree that the district court must consider the quality of a lawyer's services before awarding a fee, see, e.g., Webb v. Richardson, 472 F.2d 529, 537; MacDonald v. Weinberger, 512 F.2d 144, 147 (9th Cir. 1975); McKittrick, 378 F.2d 872, 874-75; Lewis, 707 F.2d 246, and recommend that the district court articulate its findings of fact or conclusions of law when granting fee awards in the future.
 
 
 6
 However, even though the district court did not analyze the quality of appellant's representation, it is highly probable that the court, when evaluating appellant's fee request, would have considered evidence illustrating why counsel's representation was unusual. In oral argument, appellant explained for the first time why her particular tr ining made her a more efficient and effective advocate for the claimant. Although we would likely be persuaded by these factors, the district court was not graced with this information in making its determination. It is certainly the responsibility of counsel to provide the court with the necessary data, particularly when the fee request has been attacked as excessive, as it was in this case.
 
 
 7
 Therefore, although this court may have granted a larger fee after hearing evidence of the appellant's expertise on oral argument, we cannot conclude that the district court abused its discretion in rejecting a fee request which was the equivalent of $330 per hour and substituting what it believed to be a more reasonable fee based upon the facts before it.
 
 
 8
 The district court's award of attorney's fees is accordingly AFFIRMED.
 
 
 
 [1]
 Section 406(b)(1) provides:
 Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Secretary may, notwithstanding the provisions of section 405(i) of this title, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other free may be payable or certified for payment for such representation except as provided in this paragraph.