**In re Richard M. COLASURD, Donald M. Colasurd, Appellants,**

**Charles HAYES, Plaintiff,**

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.**

No. 86–3108.

United States Court of Appeals, Sixth Circuit.

Submitted Feb. 16, 1987.

Decided May 26, 1987.

Richard M. Colasurd, Toledo, Ohio, Donald M. Colasurd, Columbus, Ohio, Michael D. Colasurd, for plaintiff.

Carolyn Watts Allen, Cleveland, Ohio, Carla D. Moore, Asst. U.S. Atty., for defendant-appellee.

Before MARTIN and NELSON, Circuit Judges and PECK, Senior Circuit Judge.

BOYCE F. MARTIN, Jr., Circuit Judge.

Donald Colasurd, the attorney for Charles Hayes in his successful social security claim, appeals a United States Magistrate's award of attorney's fees. Colasurd had a contingency fee contract with Hayes for 25 percent of the past-due benefits. He complains that in view of the

**150**

contingency contract and the high quality of his legal service, it was error to reduce his fee request. We disagree; such a contract could not by itself destroy the court's discretion and the court did not abuse its discretion in setting the fee. We consequently affirm.

After successfully prosecuting Hayes' social security claim, Colasurd sought to enforce the contingency fee contract of 25 percent of the past-due benefits and requested a fee of $4,766.25; he sought compensation for 39.25 hours of work at an hourly rate of $121.43. The magistrate reduced the hours to 38.25 and the hourly rate to $100.00, thus setting the fee at $3,825.00. On appeal Colasurd concedes that the magistrate properly reduced the hours to 38.25, but now seeks compensation at $124.61 per hour so that he might still be able to claim a fee of $4,766.25.

■ The statute governing attorney's fees in social security cases provides that when rendering a favorable judgment, "the court may determine and allow as part of its judgment a reasonable fee ..., not in excess of 25 percent of the total of the past-due benefits...." 42 U.S.C. § 406(b)(1). As the statute makes clear, the court must "determine" the reasonable fee. The court's obligation to fix the fee and its discretion in setting that amount cannot be obviated by a contractual fee arrangement, although such a contract may be a factor in the court's calculation. *See, e.g., Lewis v. Secretary of Health & Human Services*, 707 F.2d 246, 248 (6th Cir.1983); *McKittrick v. Gardner*, 378 F.2d 872, 873–74 (4th Cir.1967). Moreover, the attorneys of successful claimants are not entitled to 25 percent awards simply because the statute permits up to that amount. "Routine approval of the statutory maximum allowable fee should be avoided in all cases. *In a great majority of the cases, perhaps, a reasonable fee will be much less than the statutory maximum.*" *Lewis*, 707 F.2d at 250 (emphasis supplied by the *Lewis* court) (quoting *Redden v. Celebrezze*, 370 F.2d 373, 376 (4th Cir.1966)). Rather, the court must evaluate in each case the attorney's services and the market rate for those services in setting a reasonable rate.

■ Thus, Colasurd's contingency fee contract did not by itself entitle him to a fee of 25 percent of the past-due benefits. The court remained free to adjust the fees to an amount *the court* thought reasonable. As for the fixing of a reasonable rate, the magistrate did not abuse his discretion in setting the fees at $100 per hour and allowing a fee of $3,825.00. Although the magistrate might not have specifically referred to the contract, he necessarily considered it because it was the focal point of the fee petition. The magistrate did expressly consider the usual rates for legal services in his judicial district, the complexity of Hayes' case and Colasurd's expertise. In fact, the magistrate found that Colasurd did a good job and that a reasonable rate for his work was at the top end of the area's rates for social security cases.

We accordingly affirm.

DAVID A. NELSON, Circuit Judge, dissenting.

The claimant and his lawyer having agreed on a fee exceeding that determined by the magistrate to be reasonable, and the magistrate having given us no indication that the fee agreement was a factor in his fee calculations, I would remand with instructions to address the fee agreement explicitly. It may well be that the determination by the magistrate did not represent an abuse of discretion, notwithstanding the high quality of the lawyer's work, the favorable result, and the claimant's undertaking to pay a contingency fee of 25%, but I find it difficult to decide that question one way or the other without any indication by the magistrate that he gave at least some weight to the contract. On this record, I think it would have been inappropriate for the magistrate not to do that.