**Howard MOORE, Plaintiff,**

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant.**

Civ. A. No. 84–0347.

United States District Court,
E.D. Michigan, S.D.

May 9, 1986.

On Motion For Reconsideration
Or Stay June 6, 1986.

Jack A. Nolish, Southfield, Mich., for plaintiff.

Pamela A. Thompson, Asst. U.S. Atty., Detroit, Mich., for defendant.

## MEMORANDUM OPINION

SUHRHEINRICH, District Judge.

This matter is before the Court upon counsel's objection to the Magistrate's April 1, 1986 order awarding attorney fees. Counsel contends that the imposition of Rule 11 sanctions in the amount of $3,700 is clearly erroneous and contrary to law.

Pursuant to section 206(b) of the Social Security Act, counsel requested attorney fees in the amount of $4,290.00 which represented 25 percent of plaintiff's past-due benefits. Counsel claimed that he spent 52.25 hours on the case. The Magistrate determined, however, that counsel overstated his hours and determined that 37 hours was a reasonable amount of time to spend on this matter and that $100.00 per hour was a reasonable fee. The Magistrate also found that many of the hours claimed were not well grounded in fact and imposed sanctions under Rule 11.

The Court will not overturn a Magistrate's order on a nondispositive motion unless the ruling is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed.R.Civ.P. 72(a). After a review of the administrative record, pleadings, petition for attorney fees and April 1, 1986 order, the Court concludes that the Magistrate correctly imposed Rule 11 sanctions, but erred regarding the amount of claimed hours which could be considered as reasonable and the hourly fee.

This is not the first time the Court has reviewed counsel's itemized documentation of hours spent on social security cases. *Perkins v. Secretary of Health and Human Services*, No. 84–4325 (E.D. Mich. Feb. 25, 1986); *Hanna v. Secretary of Health and Human Services*, No. 83–3289 (E.D.Mich. Mar. 11, 1986) [Available on WESTLAW, DCTU database]. The current petition contains the same faults. It is patently unreasonable to claim one-half hour for simple administrative tasks such as completing standard social security administration forms, preparing memos to file, or sending letters which request medical records, inform the client of a hearing,

etc., or contain enclosures to the social security administration. It also should not take a competent attorney one-half hour to review standard administrative forms, letters accompanying medical records, a doctor's bill, a one-page letter from the Appeals Council, a standard stipulation and order for extension of time to file an answer, a standard answer, an administrative order or the social security notice. A quarter of an hour is more than enough time to complete those tasks. As the Court has pointed out before, it is unreasonable to claim 2.50 hours for the preparation and filing of counsel's standard social security complaint which is obviously on a word processor and merely entails filling in the blanks. This task should have taken less than one hour. The Court has reviewed the ALJ's decision and determined that it should have taken counsel less than one-half hour to fully digest the opinion and cross-reference it to the medical exhibits. Counsel's claimed one hour for reviewing the decision is unreasonable. The Court also doubts that it took counsel one-half hour to read a favorable five-page Report and Recommendation. A quarter of an hour is sufficient.

The Court concurs with the Magistrate's assessment of counsel's motion for summary judgment. Considering counsel's experience and the frequency upon which the issue of pain arises in this area, 21.00 hours to prepare the motion is unreasonable. The Court agrees that 10.50 hours to prepare and review the motion is reasonable. The figures have been adjusted. The Court finds the amount of hours claimed for the following items to be within reason: initial interview with client, review of file and conference with client, travel time to hearing, letter to Appeals Council, review of medical records, and review of Secretary's motion for summary judgment. Therefore, 29.25 hours for non-court activity and 1 hour for a court appearance are reasonable hours to spend on this case.

■ The Court does not concur with the Magistrate's assessment of a reasonable hour rate. During the Court's private practice in this area, it became familiar with the level of attorney fees charged by both plaintiff and defense attorneys. Even considering the contingent nature of social security cases, the market forces do not support an hourly rate of $100.00 for primarily administrative work. In fact, the attorney fees for court-appointed counsel in criminal cases has just been reduced by ten percent. In light of the Court's experience and the nature of the work, the Court concludes that $75.00 per hour for non-court activity and $100.00 an hour for court appearances are reasonable attorney fees. Counsel is therefore entitled to a reasonable attorney fee in the amount of $2,293.75.

■ Contrary to counsel's assertion, the Magistrate did not err by imposing Rule 11 sanctions. "Rule 11 was amended in 1983 'to reduce the reluctance of courts to impose sanctions .... by emphasizing the responsibilities of the attorney and reenforcing those obligations by the imposition of sanctions'." *Albright v. The Upjohn Co.*, 788 F.2d 1217, 1221 (6th Cir.1986) (quoting the Advisory Committee Note, Fed.R.Civ.P. 11). As the Court has indicated to counsel in earlier opinions, it finds his petition for attorney fees to be appalling. The submission of an itemized documentation of hours which is patently unreasonable borders upon an abuse of process and a fraud upon the court. Some of the hours claimed were clearly not well grounded in fact. In light of the blatant over-statement of time spent on this matter, the Court finds the imposition of sanctions to be appropriate. The Magistrate's order awarding $3,700.00 in attorney fees is vacated. Counsel is awarded an attorney fee in the amount of $2,293.73. The imposition of $3,700.00 as Rule 11 sanctions is affirmed. An appropriate order will be entered.

ON MOTION FOR
RECONSIDERATION OR STAY

On May 9, 1986 this Court entered an order awarding plaintiff's counsel an attorney fee in the amount of $2,293.73 but

imposing Rule 11 sanctions of $3,700.00. Plaintiff's counsel moves for reconsideration of this order or for a stay of the proceedings.

First, plaintiff argues that the Court erred by relying solely on the hourly itemization submitted by plaintiff's counsel and not considering the contingency arrangement of the fee. However, both the Magistrate and the Court considered all of the relevant factors in determining the proper amount of a fee. At page four of this Court's Memorandum Opinion of May 9, 1986, the contingent nature of such cases were explicitly recognized.

■ Second, plaintiff's counsel objects to this Court's Memorandum Opinion because Rule 11 sanctions are not proper where the government does not object to the amount requested. Plaintiff's counsel cites no legal support for this proposition. In fact, Rule 11 explicitly allows the Court to impose sanctions upon its own initiative.

■ Third, plaintiff's counsel argues that the fine imposed is improper and is "nothing more than a personal vendetta against the undersigned". The Court notes that the sanction imposed is not improper. Rule 11 sanctions do not only apply to the payment to the other party its reasonable expenses. Rather, the Rule explicitly authorizes the Court "... to impose ... an appropriate sanction, which *may* include an order to pay to the other party or parties the amount of the reasonable expenses incurred ..." (emphasis added). Further, the proposition that sanctions are a personal vendetta against the undersigned is absurd. Counsel cites no evidence of such hostility. The Court knows of no personal problems with Mr. Nolish. In fact, in my years in private practice, the Court does not remember any dealings with him.

■ Fourth, plaintiff's counsel contends that the Rule 11 sanctions imposed were improper because the fee petition was not frivolous nor interposed for delay. Again, plaintiff's counsel has not fully read Rule 11. Rule 11 allows sanctions upon counsel who has signed a paper that is not well grounded in fact and that is interposed for an improper purpose (the recovery of unwarranted attorney fees).

■ Fifth, plaintiff's counsel argues that its itemization of hours was a fair approximation of the time spent on the claim and that the previous cases that this Court has had with plaintiff's counsel could not have put it on notice of its unreasonable claims since they were rendered subsequent to the instant filing for attorney fees. The Court first notes that plaintiff's counsel's claims were far from being a fair approximation. Further, the Court did not cite its earlier attorney fee problems with plaintiff's counsel to show they had notice of their unreasonableness. A Court need not put counsel on notice that his claims are unreasonable. Rather, the Court cites those cases to show that plaintiff's counsel's firm has a history of submitting unreasonable fee petitions.

■ Last, plaintiff's counsel argues that "friction" between this Court's prior law firm (Kitch & Suhrheinrich) and his firm has led to the harshness of the penalty invoked and that impropriety might be involved. The Court greatly resents this implication. The Court is unaware of any friction between the two firms. Certainly, there was no friction between this Court and plaintiff's counsel's firm. The Court hardly knows any of the members of that firm with the exception of Mr. Sherwin Schreier, with whom the Court has had a cordial and professional relationship. The Court views this argument as a last ditch attempt by plaintiff's counsel to avoid the real issue of this case, i.e., the unreasonableness of the fee petition. Since plaintiff's counsel indicates that he will appeal, the Court urges the Sixth Circuit not to allow this contrived smoke screen to steer it away from the real issue. There is absolutely no impropriety involved here, only a thorough analysis of the facts.

The Court notes that its Opinion was a review of the Magistrate's Report and Recommendation. The Magistrate imposed the same Rule 11 sanctions for the same rea-

sons. Presumably, there is no friction between the Magistrate and plaintiff's counsel's firm. Thus, the argument that sanctions are a "personal vendetta" by this Court against plaintiff's counsel's firm is meritless.

Plaintiff's motion for reconsideration and for stay of proceedings are HEREBY DENIED.