**James E. GIDCUMB, Plaintiff,**

v.

**SECRETARY, DEPARTMENT OF HEALTH AND HUMAN SERVICES, Defendant.**

**No. C 84–0694–L(B).**

United States District Court,
W.D. Kentucky,
Louisville Division.

Dec. 18, 1986.

Thomas A. McAdam, III, Louisville, Ky., for plaintiff.

Joseph M. Whittle, U.S. Atty., Louisville, Ky., for defendant.

## MEMORANDUM

BALLANTINE, District Judge.

This social security matter is before the Court on the motion of plaintiff's counsel for attorney's fees in excess of $19,000.00, including an award under the Equal Access to Justice Act, Title 28 U.S.C. § 2412 (EAJA). Because the Court finds the request to be so unreasonable as to boggle the mind, it will be necessary to review in some detail the services for which compensation is sought.

## INTRODUCTION

Although there is reference to a "voluminous file",[1] in this action, the Court finds that the entire administrative record is only 170 pages in length. Included in that record are some 15 to 20 pages of EKG tracings, most of which bear the all-too-common rubber stamp legend, "Best obtainable copy." There are 20 pages of physicians's reports and 22 pages of hospital records. Also included in the administrative record are the usual social security forms and notices. The administrative record can hardly be described as voluminous.

Turning to the Court record, there are 27 filings in the record. Included in these filings are the Court's standard briefing schedule order,[2] five motions for extensions of time, and five orders granting extensions of time. There are also several routine orders and miscellaneous filings. The court record can hardly be described as voluminous.

---

1. Petitioner's response to defendant's motion for extension of time filed November 20, 1986.

2. This entry predated the Court's blanket order transferring all social security appeals to the Magistrate.

The Secretary has withheld $13,428.60 from past-due benefits for attorney's fees. With this figure before us, and mindful that maximum attorney's fees are not to be awarded routinely in social security cases, *Lewis v. Secretary, HHS*, 707 F.2d 246 (6th Cir.1983), we examine counsel's documentation of time spent.

### I.

Particularly troubling to the Court are five entries styled, "Office visit" and two styled, "Meet with Client." These entries account for 13.7 hours. It is inconceivable to the Court that an expenditure of this inordinate length of time is justified. Conceding that the first meeting with the client would require an explanation of procedures and the answering of questions, the Court, with some skepticism, will adopt the 2.6 hours assigned. The Court cannot accept 2.8 hours assigned on May 2, 1983, to "Discuss Medical Reports," nor can the Court accept 2.5 hours on October 10, 1983, to "Discuss Status of Social Security Claim." The Court finds that 30 minutes for each of these meetings is reasonable.

We are also appalled by 2.8 hours allocated to "Draft Notice of Appeal" of the adverse decision of the Social Security Administration.

On a printed one-page form, HA–501 U5, other than the names, addresses and telephone numbers of plaintiff and his attorney, the only entry prepared by counsel is one sentence: "I am totally disabled due to coronary disease and related emotional problems." If the preparation of this form consumed more than 15 minutes, counsel should consider employing a more proficient typist.

### II.

On October 21, 1983, counsel represents that he spent 2.5 hours in a meeting with his client to prepare for the hearing before the ALJ. Since the hearing lasted 1 hour and 1 minute (Tr. 24, 58), about one-third of which consisted of testimony from a vocational expert, the Court finds that 2.5 hours in preparation is palpably unreasonable and that 1 hour is an ample period of time for preparation.

### III.

We turn next to counsel's time spent in research and writing.

On October 20, 1983, counsel claims 3.8 hours for researching "Social Security law and cases." On May 24, 1984, he spent another 6.5 hours in research. On October 10, 1984, he spent 2.3 hours in research. This research totals 12.6 hours for research in an area in which the issues are narrowly defined. The Court concludes that a routine social security appeal such as this case can be thoroughly researched in 3 hours, particularly by one as experienced as petitioner's counsel. See Paragraph (3)(g) of counsel's memorandum in support of petition for attorney's fees.

On June 18, 1984, counsel claims 9.5 hours for drafting "Complaint, Brief, Etc." On November 8, 1984, counsel claims 8.3 hours spent in "Draft[ing] and Fil[ing] Motion for Summary Judgment and Brief." Our review of the record discloses only one 8–page brief in support of plaintiff's motion for summary judgment. The first 4 pages of that brief are a recitation of the procedural history and factual background of plaintiff's difficulties.

The 8 cases cited in the brief do no more than support the almost mechanical allotment of the burden of proof in a social security case. To suggest that the preparation of the brief and the 1½ page form complaint required 17.8 hours strains credulity to the sticking point. Two hours would be an ample expenditure of time.

### IV.

We turn next to the time claimed for proceedings before the Magistrate.

On December 20, 1985, counsel claims 4.8 hours in preparing the Fact and Law Summary before the Magistrate.

Chief Magistrate Long has prepared a standard one-page summary of 11 items to be completed. After completing the face

of the form, counsel, on the reverse side thereof, cites the very same authorities in support of his argument that he advanced in the brief discussed above. Surely 1 hour is a generous allotment of time for this almost clerical task.

On January 7, 1986, counsel claims 4.5 hours for a review of his file in preparation of argument before Chief Magistrate Long. The Court would observe that counsel had been living with this case for almost 3 years. Why it should take 4½ hours to prepare for an argument (about which we will have more to say) eludes us, and the Court finds 1 hour to be sufficient preparation time.

On January 10, 1986, counsel claims that he spent 2.5 hours in oral argument before Chief Magistrate Long. This is ridiculous. Chief Magistrate Long has told the Court that a 40–minute oral argument is considered unduly lengthy and the Court will approve 40 minutes as a reasonable length of time for argument.

Counsel has allotted 2.6 hours for a review of Chief Magistrate Long's findings of fact and conclusions of law. The findings and conclusions are just over 7 pages in length. Counsel thus spent 22.5 minutes per page reviewing the findings and conclusions, an absurd amount of time, particularly when one considers that he had prevailed. The Court will approve 30 minutes, or 4½ minutes per page.

## V.

Other items which may reasonably be challenged are 2.7 hours to review the less than 6 pages of the decision of the Appeals Council (May 3, 1984), 2.7 hours to review the 1¼ page answer of defendant to plaintiff's complaint (10/10/84), 1.3 hours to review defendant's motion for an extension of time (12/12/84), 1.7 hours to review another motion for extension (12/20/85), 1.2 hours to write a letter to his client enclosing the Magistrate's findings and conclusions (1/16/86), 3.3 hours to draft a 2–page

response to defendant's motion for extension of time to file objections to the Magistrate's findings and conclusions (2/2/86), 1.5 hours to review the Court's 1–page order adopting the Magistrate's findings and conclusions (7/30/86), and a one-half hour conversation with the Court's secretary relative to the status of the case (7/24/86). These items total 17.6 hours. Any expenditure of time in excess of 2 hours on these matters will not withstand scrutiny.

## VI.

Other items claimed by counsel also cause the Court concern. These include a total of 5.7 hours to review medical reports and follow up medical reports (2/23/83 and 7/7/83), and 2.7 hours writing 5 letters to doctors to obtain the reports (1/4/83 and 6/2/83).

Assuming that the hospital records are included in the medical reports which counsel examined, it appears that the record from St. Catherine Hospital of East Chicago, Indiana, is 12 pages long, including 2 pages of EKG tracings and 1 page of a Biochem Profile, and the record of the Baptist Hospital in Louisville is 12 pages long, including 2 pages of lab tests.

The reports of the attending physicians consist of 20 pages. Allocating 8.4 hours to obtaining and reviewing medical evidence is patently unreasonable. The Court concludes that a generous allowance would be one-half the time claimed, or 4.2 hours.

## VII.

Counsel has documented a number of phone calls to and from his client and miscellaneous correspondence with which the Court can find some fault[3] but will accept counsel's statement. These items total 25.8 hours.

## SUMMARY

 The Court has set forth in detail what we perceive to be the more out-

---

3. For instance, on May 7, 1986, counsel allots 1.2 hours to "Letter to Ms. Linda Lames (SSA) enclosing Judge Long's report."

rageous items claimed by counsel because we are sorely tempted to follow the lead of Judge Suhrheinrich in *Moore v. Secretary, HHS*, 651 F.Supp. 514 (E.D.Mich.1986), and apply Rule 11 sanctions. Rather than imposing sanctions, however, the Court will forward this memorandum to West Publishing Company so that social security practitioners in this district will be cautioned to be prepared to justify their hourly charges in social security cases.

We now turn to a determination of a reasonable fee for counsel.

In Part I of this memorandum the Court finds that 5.6 hours is an appropriate expenditure of time.

In Part II of this memorandum the Court finds that 1 hour is an appropriate expenditure of time.

In Part III of this memorandum the Court finds that 5 hours is an appropriate expenditure of time.

In Part IV of this memorandum the Court finds that 3.167 hours is an appropriate expenditure of time.

In Part V of this memorandum the Court finds that 2 hours is an appropriate expenditure of time.

In Part VI of this memorandum the Court finds that 4.2 hours is an appropriate expenditure of time.

In Part VII of this memorandum the Court finds that 25.8 hours is an appropriate expenditure of time.

These figures total 46.767 hours, which the Court will round up to 50 hours.

We return to *Lewis v. Secretary, HHS, supra,* for guidance in determining a reasonable hourly rate in social security cases. The *Lewis* court quoted with approval from *Redden v. Celebrezze,* 370 F.2d 373, 376 (4th Cir.1966):

> "[W]hile the lawyer is entitled to a reasonable compensation for the services rendered by him in the judicial proceeding, these benefits are provided for the support and maintenance of the claimant and his dependents and not for the enrichment of members of the bar. Rou-

tine approval of the statutory maximum allowable fee should be avoided in all cases. *In a great majority of the cases, perhaps, a reasonable fee will be much less than the statutory maximum.* (Emphasis supplied.)" 707 F.2d at 250.

This Court has consistently held that $75.00 an hour is reasonable compensation in a routine social security appeal. To approve a higher hourly rate would, we think, do violence to the humanitarian purposes of the Act which is designed to afford little more than marginal benefits to those who in most instances are destitute as a result of their disability.

The Court will direct the Secretary to pay an attorney's fee of $3,750.00 to counsel for plaintiff and to remit the balance of withheld past-due benefits directly to plaintiff.

### EAJA

■ Judgment in this action was entered July 24, 1986. That judgment became final 60 days later since no notice of appeal or motion under F.R.Civ.P. 59 or 60 was filed. Sixty days from July 24, 1986, is September 22, 1986.

Title 28 U.S.C. § 2412(d)(1)(B) provides in part: "A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees...."

The application for an award of fee under the EAJA was filed November 4, 1986, more than 30 days after the judgment became final, and the Court is without jurisdiction to consider it.

The application for the award of an attorney's fee under EAJA will be denied.

### RECOVERY OF COSTS

■ Counsel seeks to recover $110.00 which represents a $60.00 filing fee in this Court and two $25.00 payments to physicians for medical reports.

The Social Security Act makes no provision for recovery of these costs and his claim for them will be denied.

## ORDER

For the reasons set forth in the memorandum filed this date,

IT IS ORDERED that the petition of Thomas A. McAdam, III for an attorney's fee be and it hereby is granted in part and denied in part.

IT IS FURTHER ORDERED that the Secretary, Department of Health and Human Services, remit to counsel for plaintiff the sum of $3,750.00 as an attorney's fee and that the Secretary remit the balance of withheld past-due benefits directly to plaintiff.

IT IS FURTHER ORDERED that the petition of Thomas A. McAdam, III for an attorney's fee under the Equal Access to Justice Act be and it hereby is denied.

IT IS FURTHER ORDERED that the petition of Thomas A. McAdam, III for recovery of his costs expended in his representation of plaintiff be and it hereby is denied.

There is no just reason for delay, and this is a final and appealable order.