Joseph **NAJOR**, Plaintiff,

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES**, Defendant.

**Civ. A. No. 86–CV–74459–DT.**

United States District Court, E.D. Michigan, S.D.

Dec. 9, 1987.

Kenneth F. Laritz, Warren, Mich., for plaintiff.

Roy C. Hayes, Karl Overman, Detroit, Mich., for defendant.

## ORDER

JULIAN ABELE COOK, Jr., District Judge.

On April 4, 1985, Plaintiff, Joseph Najor, applied for disability insurance benefits under the Social Security Act. His application was denied. After exhausting his administrative remedies, Najor sought judicial review under 42 U.S.C. § 405(g). Following an examination of motions for summary judgment by the respective parties, Magistrate Lynn V. Hooe, Jr. submitted a Report to this Court on April 29, 1987, in which he opined that the Secretary's denial of benefits to Najor was not justified by substantial evidence. His Report was adopted by this Court on May 29, 1987. As a result, this case was remanded to the Secretary for the computation and award of disability benefits.

Najor now seeks fees for his attorney in a petition which consists of two separate requests; namely, a request for fees to be paid by the Government under the Equal Access to Justice Act (EAJA), and an application for fees to be deducted from Najor's benefits under the Social Security Act (SSA).

Defendant, Secretary of Health and Human Services, though not opposing Najor's request for fees under the SSA, does seek a rejection of his EAJA fee application.

## I

In considering the application for fees under the EAJA, the Court must initially address the Secretary's contention that Najor's request was untimely made. Section 2412(d)(1)(B) of the EAJA provides that a "party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses ..."

The Secretary inappropriately cites *Gidcumb v. Secretary of HHS*, 650 F.Supp. 96 (E.D.Mich.1986), to support an argument that the time for filing an EAJA fee request begins to run with the entry of the judgment. In fact, *Gidcumb* held that such time began to run only when the underlying judgment became final, i.e., sixty days after judgment was entered, provided that no notice of appeal or other motion under *Fed.R.Civ.P.* 59 or 60 had been filed in the meantime. *Gidcumb*, 650 F.Supp. at 100.

■ A judgment in this case was entered on May 29, 1987. Since no notice of appeal or motion under *Fed.R.Civ.P.* 59 or 60 was filed, the judgment became final sixty days later on July 28, 1987. Najor's EAJA fee request was filed on August 4, 1987, well within the thirty day period. Thus, this Court concludes that the request for attorney fees under the EAJA was timely made.

■ Next, the·Court must determine whether the Secretary's position in Najor's federal civil action was "substantially justified" within the meaning of the Act. The substantial justification of the Government's position is basically a question of reasonableness. *Trident Marine Const., Inc., v. District Engineer*, 766 F.2d 974, 980 (6th Cir.1985).[1] The failure of the Government to prevail in the instant cause does not of itself constitute a lack of substantial justification for its position. *United States v. Yoffe*, 775 F.2d 447 (1st Cir. 1985).

■ In disability determinations under the Social Security Act, the opinion of a claimant's treating physician is entitled to greater weight than the opinion of a physician who examined or evaluated a claimant solely at the Secretary's request. *Farris v. Secretary of HHS*, 773 F.2d 85 (6th Cir. 1985); *Sherrill v. Secretary of HHS*, 757 F.2d 803 (6th Cir.1985). Magistrate Hooe's Report noted that the Administrative Law Judge (ALJ) relied solely on a single examination by a non-treating physician, and one evaluation by a physician who did not examine Najor at all. Indeed, the Secretary's own examining physician, Dr. Bernardo A. Rojas, noted that two of Najor's physical impairments (diabetes and hypertension) were "not well controlled." [2] This reinforces the finding of Drs. Na'il A. Basmaji and M.M. Gazayerli, the claimant's treating physicians (to wit, (1) any stress could lead to complications such as renal failure and stroke, and (2) the claimant could not perform his past work or any other work).[3] As a consequence, this Court concludes that the ALJ's ruling was so clearly counter to the applicable law that the Secretary had no substantial justification for defending it in Najor's subsequent federal civil action.

■ Finally, the Court considers the Secretary's argument (to wit, that Najor's EAJA fee request is excessive because it includes nineteen hours of work at the administrative level) to be without merit. The schedule, which was submitted in support of Najor's EAJA fee application, clearly shows that the nineteen hours and five minutes of his time for which EAJA fees are sought were spent exclusively on Najor's federal civil action.[4] Such hours are precisely those which are compensable under § 2412(b) of the EAJA.

After a review of the instant EAJA fee petition and of the applicable law, the Court determines that $1,425 (computed at a rate of $75 per hour, as the EAJA provides) is a reasonable and appropriate fee to be awarded to Najor's counsel under the EAJA in this matter. To this sum is to be added $182.80 in costs, constituting a total of $1,607.80.

## II

Najor's petition also requests a fee under the Social Security Act.[5] Initially, it should be noted that the total amount of his attorney's fee request is $4,648.[6] It appears

1. *Riddle v. Secretary of HHS*, 817 F.2d 1238 (6th Cir.1987), interpreted the "substantially justified" standard to mean more than reasonableness, i.e., that "the government's position must be firmly grounded or solidly based in law and fact.... [and have] more than a modicum of support." However, the decision in *Riddle* was vacated on July 8, 1987 pending a rehearing *en banc* by the Sixth Circuit Court of Appeals. This Court will not rely on *Riddle* until the appeal is finally decided. Therefore, until the existing standard is changed, this Court must determine whether the Secretary's position had a reasonable basis in fact and law.

2. Tr. 210.

3. Tr. 198.

4. Motion and Brief for an Award of Attorney Fees under Equal Access to Justice Act at 2–3.

5. Najor seeks $1,425 under the EAJA.

6. In the absence of an objection from the Secretary, the Court presumes that this amount repre-

that the $4,648 figure was calculated on the basis of $125 per hour for all of the 37.67 requested hours, i.e., both administrative and judicial representation, under the EAJA and the SSA. The EAJA fee request of $1,425 was apparently calculated on the basis of the EAJA's $75 per hour maximum for the 19.08 hours of judicial representation.

Thus, Najor has requested that the balance of his stated $125 hourly fee for hours spent on the court case (to wit, the $50 per hour which is not recoverable from the Government under the EAJA) come from Najor's Social Security benefits.

The Government does not oppose Najor's request for fees outside of the EAJA. Notwithstanding the absence of such an objection, this Court is obliged to inspect Najor's fee application for the reasonableness of his counsel's requested hours and fees. *McKittrick v. Gardner*, 378 F.2d 872, 876 (4th Cir.1967).

■ Even though the apparent intent of the EAJA is to compensate counsel fully and fairly for certain claims against the Government, neither that Act nor the Social Security Act forbid counsel in Social Security cases to receive fees from their clients' awards above and beyond those fees which are received under the EAJA as long as the total fee from all sources does not exceed a reasonable compensation for the services performed. *See e.g., Derby v. Bowen*, 636 F.Supp. 803 (E.D.Wash.1986). Therefore, a determination of a reasonable fee in the instant case by this Court is not to be limited by the EAJA fee ceilings, even for those legal services for which the EAJA compensation is sought.

### III

This Court concudes that the time which was expended by Najor's counsel in the instant case (37.67 hours) was reasonable. This conclusion is based upon an evaluation and assessment of (1) the nature of the case, (2) the level of skill and competence

that was required to render the legal services, (3) the results attained, (4) the level of review to which the claim was pursued, and (5) the nature and quality of the services claimed.

This Court finds the reasonable hourly attorneys fee in cases of this kind to be $100 per hour. This is a rate which is normally charged by attorneys within this geographical area for work of this nature. Therefore, this Court determines that a reasonable and appropriate total fee in the instant case is $100 per hour for 37.67 hours, or $3,767. Of that total, $1,425 is to be paid by the Government under the EAJA for the 19.08 hours of counsel's work on the federal action.[7] The balance of counsel's fee (to wit, $2,342) is to be paid out of Najor's Social Security disability insurance benefits award.

IT IS SO ORDERED.

---

sents less than twenty-five percent of the total benefits which were received by Najor.

7. Costs of $182.80, all of which are associated with this federal action, are to be paid by the Government, whose total obligation under the EAJA is $1,607.80.